intestate in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Taylor and Dowling, JJ.

JANICE KNAPP, an Infant, by Her Guardian ad Litem, MILDRED KNAPP, Respondent, v. CHARLES H. KENYON and LENA C. KENYON, Appellants.— Judgment and order affirmed, with costs, on the ground that the evidence amply supports the jury's verdict. All concur. (The judgment is for plaintiff in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

LENA C. KENYON, Appellant, v. PERLEY M. KNAPP, Respondent.— Judgment and order affirmed, with costs, on the ground that the evidence amply supports the jury's verdict. All concur. (The judgment is for defendant in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

CHARLES H. KENYON, Appellant, v. PERLEY M. KNAPP, Respondent.— Same decision and like cause of action as in companion case last above. Present — Sears, P. J., Crosby, Cunningham, Taylor and Dowling, JJ.

In the Matter of the Proof and Probate of the Last Will and Testament of ANNA MARY CLEERE, Deceased.— Decree affirmed, with costs to the proponent against the contestants. Memorandum: Much the greater weight of evidence supports the surrogate's decision that decedent was a resident of Seneca county at the time of her death. Hence the Surrogate's Court of that county has exclusive jurisdiction to entertain a proceeding for the probate of the will. (Surr. Ct. Act, § 45.) All concur. (The decree determines the jurisdiction of the Surrogate's Court.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

KARYOL BALSER, an Infant, by JOHN C. BALSER, Her Guardian ad Litem, Appellant, v. GEORGE J. GAMMEL and Others, Doing Business under the Firm Name and Style of the NEW ARIEL THEATRE, Respondents.— Orders affirmed, with ten dollars costs and disbursements. Memorandum: Although proposing to limit the appeal to a consideration of the trial court's dismissal of the first cause of action, the plaintiff has found it advisable to include in the proposed record evidence which was adduced after the first cause of action was dismissed. This fact supports our conclusion that evidence bearing upon the first cause of action is so interwoven throughout the record as to justify the discretionary orders by the trial justice. All concur. (The two orders settle a bill of exceptions and deny plaintiff's motion for a resettlement and allow all of defendant's amendments to plaintiff's proposed bill of exceptions, in a negligence action.) Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

JOHN C. BALSER, Appellant, v. GEORGE J. GAMMEL and Others, Doing Business under the Firm Name and Style of the NEW ARIEL THEATRE, Respondents.— Same decision and like cause of action as in companion case last above. Present — Crosby, Lewis, Cunningham, Taylor and Dowling, JJ.

PAULINO GARCIA, Respondent, v. JOHN B. RODRIGUEZ, Appellant.— Judgment affirmed, with costs. Memorandum: In view of defendant's letters acknowledging the debt and promising to pay it and of the flimsy character of the defenses interposed by him, the court correctly found that there was no substantial question of fact to be determined. Under these circumstances, the motion was properly granted. All concur. (The summary judgment is for plaintiff in an action to